IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-01678-TPO

BACHA BA,

     Petitioner,

v.

GEORGE VALDEZ, Acting Director of the Denver Field Office,
U.S. Immigration and Customs Enforcement,

MARKWAYNE MULLIN, Secretary,
U.S. Department of Homeland Security,

TODD BLANCHE, Acting U.S. Attorney General,

and

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility,

in their official capacities,

     Respondents.

---

## ORDER

**Timothy P. O'Hara, United States Magistrate Judge.**

This matter comes before this Court upon the Petition for Writ of Habeas Corpus [ECF 1] filed by Petitioner. The Parties consented to this Court's jurisdiction [ECF 8], and Chief U.S. District Judge Daniel D. Domenico referred the matter to this Court for "final disposition" and to "conduct any and all further proceedings and order the entry of judgment in the case." *See* ECF 9. This Court issued an Order to Show Cause [ECF 5] to which Respondents responded [ECF 10]. With the filing of Petitioner's Reply [ECF 11], the Petition is fully briefed and ripe for review. Because the Court determines that the Petitioner's challenge is fundamentally legal in nature, the

Court declines to hold a hearing. *See* 28 U.S.C. § 2243. Having reviewed the Petition and its briefing and having reviewed the relevant case law, the Court **grants** Count One of the Petition.

## FACTUAL BACKGROUND

Petitioner is a citizen of Mauritania. ECF 1 ¶ 8. Petitioner asserts that he entered the United States on June 17, 2023 without admission. *Id*. ¶ 23. Immigration authorities encountered him on arrival; issued him a Notice to Appear on that same day; and detained him. *Id*. ¶¶ 23-24.

On July 2, 2023, U.S. Immigration and Customs Enforcement (ICE) issued a Notice of Custody Determination that permitted his release pursuant to a $5,000 bond and enrollment in the Alternative to Detention (ATD) program. On July 21, 2023, ICE reduced the bond amount to $1,500, after which Petitioner was released. ECF 1 ¶¶ 24-25. Petitioner applied for asylum in March 2024, and a merit's hearing was scheduled for May 19, 2026. ECF 1 ¶ 26.

Petitioner denies a criminal history or missing any immigration hearing. ECF 1 ¶ 27. Since his release, he was working lawfully and attending school. *Id*. ICE detained him on February 26, 2026, at a monthly check-in appointment. *Id*. ¶ 28. Petitioner asserts that ICE detained him without clear explanation and "cancelled his bond." *Id*. He has remained detained since then without a bond hearing. *Id*.

## JURISDICTION AND LEGAL STANDARD

This Court has jurisdiction under the federal habeas corpus statute, 28 U.S.C. § 2241, to hear this case relating to Petitioner's immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001); *Martinez Escobar v. Baltazar*, No. 26-cv-00296-NYW, 2026 WL 503313, at *2 (D. Colo. Feb. 24, 2026). Courts are authorized to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "The individual in custody bears the burden of proving that their detention

2

is unlawful." *Batz Barreno v. Baltasar*, No. 25-cv-03017-GPG-TPO, 2026 WL 120253, at *2 (D. Colo. Jan. 15, 2026) (citing *Walker v. Johnston*, 312 U.S. 275, 286 (1941)).

## ANALYSIS

Petitioner argues that his immigration detention[1] is unlawful in two respects. At Count One, he argues that Respondents are incorrectly subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) because it is the discretionary detention provision of 8 U.S.C. § 1226(a) that should apply to his situation (as a noncitizen who is already present in the United States and who is not currently and actively seeking inspection to enter the United States). At Counts Two and Three, Petitioner argues that the mandatory detention also violates his due process rights.

## I.   Whether 8 U.S.C. § 1225 or 8 U.S.C. § 1226 Govern Petitioner's Detention

For Count One, Petitioner contends that Respondents are not complying with the Immigration and Nationality Act (INA) and are unlawfully subjecting him to the mandatory detention provision of 8 U.S.C. § 1225(b). *See* ECF 1 ¶¶ 59-73. Petitioner argues that 8 U.S.C. § 1226(a) governs his present detention instead, and as such, he is entitled to a bond hearing. *Id*. In Counts Two and Three, Petitioner argues that Respondents' detention of him has violated his substantive and procedural due process rights. *See id*. ¶¶ 74-85. This Court finds that Petitioner prevails on the merits of his first argument and need not address the others at this time.

As Respondents acknowledge, ECF 10 at 1-2, this Court already has addressed and rejected their interpretation of § 1225(b)(2)(A) in *Colindres Carmona v. Ceja*, No. 25-cv-04061-TPO (D. Colo.). There, this Court held that the petitioner was detained under 8 U.S.C. § 1226(a) and not under 8 U.S.C. § 1225(b)(2)(A) and thus was entitled to a bond determination hearing. *See id*. at

---

[1]    It is undisputed that Petitioner has been in custody in the District of Colorado since February 26, 2026.

9 in that case. Respondents disagree with that determination, but rather than rehashing their argument as part of this case, they submit an "abbreviated response" and reserve the right to appeal this Court's decision. ECF 10 at 2. Respondents concede that this Court's prior ruling in *Colindres Carmona* "would lead the Court to reach the same result here . . . as the facts of this case are not materially distinguishable from that case . . . ." *Id.* at 3. Respondents are correct, and this Court finds, as it did in *Colindres Carmona* and multiple other cases,[2] that Petitioner's detention is under 8 U.S.C. § 1226(a), and Petitioner thus is entitled to a bond determination hearing.

The detention of noncitizens prior to a final order of removal is governed by two sections of the INA: 8 U.S.C. §§ 1225 and 1226. *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *4 (D. Colo. Oct. 22, 2025) (citing *Jennings v. Rogriguez*, 583 U.S. 281, 287 (2018)). "Section 1225 mandates detention pending removal proceedings, providing that, 'if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall* be detained.'" *Portillo Martinez v. Baltazar*, No. 26-cv-00106-PAB, 2026 WL 194163, at *2 (D. Colo. Jan. 26, 2026) (quoting 8 U.S.C. § 1225(b)(2)(A)). If none of the statutory exceptions apply, § 1225 "mandates detention without the opportunity for a bond hearing." *Id.* (citing *Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *3 (D. Colo. Oct. 24, 2025)).

By contrast, § 1226(a) does not mandate detention. It states that a noncitizen, "[o]n a warrant issued by the Attorney General," may be arrested pending a decision on whether to remove the individual, and once arrested, the Attorney General may continue to detain or release the

---

[2]    *See, e.g., Martinez Garrido v. Baltasar*, No. 26-cv-00428-TPO (D. Colo. Mar. 6, 2026); *Hernandez Murillo v. Ceja*, No. 25-cv-04163-TPO (D. Colo. Mar. 9, 2026); *Hernandez Munoz v. Hagan*, No. 26-cv-00608-TPO (D. Colo. Mar. 17, 2026).

individual. *Id.* (citing 8 U.S.C. § 1226(a)). Section 1226 "sets forth 'the default rule' for detaining noncitizens 'already present in the United States.'" *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800, at *3 (E.D. Va. Sept. 30, 2025) (quoting *Jennings*, 583 U.S. at 303). "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306.

The crux of the issue is under which section Petitioner's detention should be considered. This Court finds U.S. District Judge Nina Y. Wang's statutory analysis in *Loa Caballero* to be persuasive. 2025 WL 2977650, at *5-7. The plain language of the applicable statutes would suggest that the phrase "'seeking admission' requires that the applicant must be presently and actively seeking lawful entry into the United States." *Id.* at *6. Noncitizens who have been living in the country for years are not "'seeking admission' under § 1225(b)(2)(A)." *Id.* (citing *Lopez-Campos v. Raycraft*, No. 2:25-CV-12486, 2025 WL 2496379, at *6 (E.D. Mich. Aug. 29, 2025); *see also Pal v. Lyons*, No. 26-cv-01102-WJM, 2026 WL 937962, at *3 (D. Colo. Apr. 7, 2026); *Abanil v. Baltazar*, No. 25-cv-04029-WJM-STV, 2026 WL 100587, at *5 (D. Colo. Jan. 14, 2026) (emphasizing the difference between an arriving noncitizen and one who already resides inside the United States). This is Petitioner's situation who was released in 2023 and established a presence in the United States.

The principal thread of Respondents' argument is that all noncitizens who entered the country without permission should be deemed "applicants for admission" regardless of how long these noncitizens have been present in the country. ECF 8 at 2. Respondents claim that *Jennings* supports their conclusion. *Id.* (citing *Jennings*, 583 U.S. at 287). This Court disagrees with the Respondents' interpretation of *Jennings*. After all, the *Jennings* Court distinguished the two statutes and noted "[i]n sum, U.S. immigration law authorizes the Government to detain certain

aliens *seeking admission* into the country under §§ 1225(b)(1) and (b)(2)" and that "[i]t also authorizes the Government to detain certain aliens *already in the country pending the outcome of removal proceedings* under [] § 1226(a)." *Portillo Martinez*, 2026 WL 194163, at *3 (quoting *Jennings*, 583 U.S. at 289) (emphasis in *Portillo Martinez* not in *Jennings*).

Numerous courts have disagreed with Respondents' position, finding, like in *Loa Caballero*, that "[n]oncitizens who are just 'present' in the country . . ., who have been here for years upon years and never proceeded to obtain any form of citizenship[,] . . . are not 'seeking' admission under § 1225(b)(2)(A)." *Hernandez*, 2025 WL 2996643, at *5 (quoting *Lopez-Campos*, 2025 WL 2496379, at *6); *see also Cunha v. Freden*, --- F.4th ---, 2026 WL 1146044 (2d Cir. Apr. 28, 2026); *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1062 (7th Cir. 2025)). Even the title of § 1225, "Inspection by immigration officers; expedited removal of inadmissible arriving aliens; referral for hearing," suggests a different application of § 1225, one not applicable to an individual living in the United States for as long as Petitioner. In fact, "federal district courts have overwhelmingly rejected Respondents' 'broad interpretation of section 1225(b)(2).'" *Loa Caballero*, 2025 WL 2977650, at *5 (collecting cases).

Respondents cite opinions that support their position. ECF 10 at 3 (citing *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026), *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), *Singh v. Blanche*, No. 26-cv-00421-DDD-KAS, (D. Colo. Apr. 15, 2026), and *Montoya v. Holt*, No. 25-cv-01231-JD, 2025 WL 3733302 (W.D. Okla. Dec. 26, 2025)). However, *Buenrostro-Mendez* and *Avila* are neither controlling nor persuasive and are no more authority to this Court than *Cunha* and *Castañon-Nava*. Likewise *Buenrostro-Mendez* and *Avila* have not persuaded other courts in this district to adopt Respondents' reasoning. *See, e.g.*, *Singh v. Baltazar*, 819 F. Supp. 3d 1247 (D. Colo. Feb. 9, 2026); *Pal*, 2026 WL 937962, at *3; and *Vargas Cardenas v. Bondi*, No. 26-cv-

6

01174-SKC, 2026 WL 886340, at *2 (D. Colo. Apr. 1, 2026). Because neither the Supreme Court nor the Tenth Circuit has weighed in on this issue, this Court finds more persuasive the great weight of authority among the district courts in this Circuit and throughout the country, as well as the decisions from the Second and Seventh Circuits, that have interpreted §§ 1225(b) and 1226(a) and have concluded that they do not support the mandatory detention of noncitizens in Petitioner's circumstances.

Petitioner asserts that his prior release was pursuant to 8 U.S.C. § 1226(a). ECF 1 ¶¶ 32, 39. Respondents counter that they released him as a matter of prosecutorial discretion. ECF 10 at 2 n. 1. Even if that accounts for the decision not to pursue removal on an expedited basis at that time, Respondents fail to demonstrate how the circumstances of his prior release support the application of § 1225(b)(2)(A) mandatory detention now. This Court agrees with Petitioner that his prior release supports a conclusion that he is detained under 8 U.S.C. § 1226. *See Briales - Zuniga v. Baltazar*, No. 25-cv-03439-NYW, 2026 WL 35227, at *4 n. 4 (D. Colo. Jan. 6, 2026) (citation omitted) (finding that "the Government's own detention paperwork suggests that [Petitioner] is detained under § 1226, not § 1225.")

As a result, this Court orders that Petitioner receive a bond hearing consistent with 8 U.S.C. § 1226(a). Respondents concede this to be the appropriate remedy should the Court determine that Petitioner is detained under §1226(a). ECF 10 at 4.

## II.     Petitioner's Other Claims for Relief

Because this Court is granting the Petition and ordering a bond determination hearing pursuant to § 1226(a), this Court declines to address Counts Two and Three where Petitioner claims violation of his due process rights. *De La Cruz v. Baltazar*, No. 26-cv-00360-PAB, 2026 WL 439217, *3 n. 3 (D. Colo. Feb. 17, 2026) (citing *Hernandez v. Baltazar*, No. 25-cv-03094-

CNS, 2025 WL 2996643, at *8 (D. Colo. Oct. 24, 2025)). This Court does so without prejudice to Petitioner's ability to reassert those claims should subsequent developments make it appropriate to do so. *See Hernandez*, 2025 WL 2996643 at *8 (citations omitted).

## CONCLUSION

This Court agrees with Petitioner that § 1226(a) governs his detention. Petitioner therefore is entitled to a release determination/bond hearing consistent with § 1226(a)(2).

The Respondents shall conduct the appropriate bond hearing within the timeframe set out in this Order. *Martinez Escobar*, 2026 WL 503313 at *4. The Court declines to order Petitioner's release at this time because release under 8 U.S.C. § 1226(a) is discretionary, and because the immigration judge is in a better position to decide between detention or release in the immigration context. *Id.* (finding that an immigration judge is better suited to determine the issue of detention). At the hearing, the government will bear the burden to justify Petitioner's continued detention by clear and convincing evidence of dangerousness or flight risk, *id.*, and shall limit consideration to release and bond conditions that are reasonable to Petitioner's circumstances.

For the above reasons, it is therefore **ORDERED** that:

1) Petitioner's Petition for Writ of Habeas Corpus [ECF 1] is **GRANTED** as to Count One;

2) Respondents shall conduct the appropriate release determination/bond hearing under 8 U.S.C. § 1226(a) by **May 29, 2026**; and

3) On or before **June 1, 2026**, the Parties shall file a Joint Status Report informing the Court of whether the bond hearing was held and whether bond was granted or denied.

SO ORDERED.

DATED at Denver, Colorado, this 26th day of May, 2026.


BY THE COURT:

_____
Timothy P. O'Hara
United States Magistrate Judge